IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LOWELL W. SUNDSTROM, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security<br><br>        Defendants. | ORDER & MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:04 CV 1167 TC |

      Plaintiff Lowell W. Sundstrom, Jr. appeals a decision of the Commissioner of Social Security denying Mr. Sundstrom's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  After reviewing the administrative record and the pleadings submitted by the parties, the court concludes that this matter can be resolved without a hearing, see DUCivR 7-1(f), and enters the following order and memorandum decision.

### Background

      Mr. Sundstrom protectively filed an application for supplemental security income in April 2002, detailing numerous physical and psychological complaints, including chronic back pain, depression, and paranoia.  (See Admin. R. 48-50, 70.)  Mr. Sundstrom represented that these various conditions so severely limit his ability to work that the government should supply him with supplemental security income.  (See id.)  His application was denied in both initial and reconsidered determinations.  (Id. at 27-29, 34-36.)  Mr. Sundstrom then requested a hearing before an administrative law judge ("ALJ").  (Id. at 24-26.)  After holding a hearing, the ALJ

issued a decision concluding that Mr. Sundstrom is not disabled because there are a significant number of jobs in the national economy that Mr. Sundstrom could hold.  (Id. at 19.)

Mr. Sundstrom filed a request with the Office of Hearings and Appeals seeking a review of the ALJ's decision.  (Id. at 9.)  The Appeals Council denied Mr. Sundstrom's request.  (Id. at 5.)  Mr. Sundstrom now seeks judicial review of the ALJ's decision.  Jurisdiction is proper in this court under 42 U.S.C. § 405(g).

## Standard of Review

Judicial review of an ALJ's decision is confined to an examination of whether (1) the ALJ's findings of fact are supported by substantial evidence, and (2) the ALJ correctly applied the applicable law.  42 U.S.C. § 405(g); Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).  In undertaking this review, the court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 1990) (internal quotation omitted).  The reviewing court should consider "the record as a whole, including whatever in the record fairly detracts from the weight of the [commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met."  Casias v. Sec'y of Health & Human Servs., 993 F.2d 799, 800-01 (10th Cir. 1991).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation omitted).

## Analysis

Federal regulations prescribe a five-step, sequential evaluation process when reviewing a disability claim.  See 20 C.F.R. § 416.920 (2005); Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing evaluation process).  The evaluation determines whether the claimant, during the alleged period of disability: (1) worked, (2) suffered a "severe" impairment,

(3) suffered an impairment that met or exceeded the severity of an impairment identified by federal regulation, (4) was able to return to any past relevant work, and (5) was able to perform any other jobs that exist in significant numbers in the national economy.  20 C.F.R. § 416.920.

No party challenges the ALJ's determination that Mr. Sundstrom's claim survived the first four steps of the evaluation process.  Rather, Mr. Sundstrom claims that the ALJ erred at the fifth step, when concluding that Mr. Sundstrom is capable of performing jobs that exist in significant numbers in the national economy.  Mr. Sundstrom alleges that the ALJ (1) failed to consider the cumulative effect of the multiple physical and psychological conditions identified by Mr. Sundstrom; (2) improperly failed to credit the findings of Mr. Sundstrom's treating physicians; and (3) failed to acknowledge the response to two hypothetical questions posed to a vocational expert, which questions Mr. Sundstrom argues most closely approximate his situation.  After reviewing the record and the ALJ's decision, the court concludes that Mr. Sundstrom's complaints do not warrant reversal.

The ALJ considered cumulative effects

Mr. Sundstrom contends that the ALJ improperly discounted the cumulative effects of the physical and psychological conditions Mr. Sundstrom identified.  But the ALJ was not required to credit and consider every subjective complaint proffered by Mr. Sundstrom without examining the credibility of those complaints.

"Credibility is the province of the ALJ."  Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir. 1992).  Because the ALJ is better situated to assess credibility, a reviewing court should "generally treat credibility determinations made by an ALJ as binding upon review" so long as the ALJ provides legitimate reasons supporting those determinations. Gosset v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).  The ALJ is not required to provide "a

formalistic factor-by-factor recitation of the evidence," but must identify the specific evidence underlying the credibility determination.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Here, the ALJ specifically addressed the credibility of Mr. Sundstrom's testimony and found it inconsistent with the objective evidence in the record.  (See, e,g., Admin. R. 16-17 ("The ALJ does not find the claimant's functional allegations . . . to be reasonably consistent with the objective medical evidence and non-medical evidence . . . .).)  The ALJ highlighted several examples of record evidence that contradicted Mr. Sundstrom's claim that his limitations are so severe that he is unable to work.  For example, the ALJ noted that Mr. Sundstrom held a job as a bulldozer operator for a short time during the alleged period of disability, had helped a friend move, performed duct work on his home, was capable of performing common household tasks, and engaged in limited social interaction.  (See id.)  The evidence undermining the credibility of Mr. Sundstrom's complaints caused the ALJ to "partially discount[] those subjective symptom complaints and the alleged functional effect" of those complaints when determining whether Mr. Sundstrom is totally disabled.  (Id. at 17.)

The court declines Mr. Sundstrom's invitation to disturb the ALJ's credibility determination.  As a result, the court rejects Mr. Sundstrom's contention that the ALJ improperly ignored the cumulative effects of his complaints.  The ALJ adequately explained the rationale underlying the decision to discount certain alleged effects when determining whether Mr. Sundstrom is entitled to disability benefits.

The findings of treating physicians

Mr. Sundstrom next argues that the ALJ failed to acknowledge the reports of various treating physicians that lend support to Mr. Sundstrom's contention that he is unable to work. Mr. Sundstrom has correctly identified several reports in the record that the ALJ did not mention

in the issued decision.  Although the reports identified by Mr. Sundstrom pre-date the alleged onset of his disability, it is well established that an ALJ must evaluate every medical opinion accepted into evidence.  See Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003).

The ALJ's decision contains a blanket statement that "[t]he ALJ has carefully reviewed all the exhibits and weighed and compared the testimony with all other evidence." (Admin. R. 17.)  Such a statement alone is certainly not enough to excuse an ALJ's failure to adequately address relevant medical evidence.  But the court concludes that there was no need for the ALJ to specifically discuss the medical reports identified by Mr. Sundstrom.  This is so because those reports are not necessarily in conflict with the ALJ's final determination.  Rather, those reports indicate potential limitations on Mr. Sundstrom's ability to function that are consistent with the first hypothetical posed by the ALJ to the testifying vocational expert--the hypothetical the ALJ ultimately relied upon in issuing the decision now under review.

Specifically, the first hypothetical concerned an individual who required, among other things, work at a low stress level with no public interaction and only minimal interaction with supervisors and co-workers.  Such a limitation is consistent with the information contained in the reports cited by Mr. Sundstrom.  (See, e.g., id. at 347, 364, 352, 366 (medical reports indicating that Mr. Sundstrom is socially impaired and that his psychological condition meaningfully limits his ability to secure employment).)  As a result, the court concludes that the ALJ's decision to not specifically address each and every medical report was not error.

The hypothetical questions

Mr. Sundstrom's last allegation of error is that the ALJ improperly relied upon only the first hypothetical posed to the vocational expert.  Mr. Sundstrom claims that the ALJ should have relied upon either the second or third hypothetical, which Mr. Sundstrom claims were more

closely analogous to his situation.

The court's determination that the ALJ's credibility determination must stand significantly undercuts Mr. Sundstrom's argument that the ALJ improperly relied upon only the first hypothetical when deciding to deny Mr. Sundstrom's benefits claim. The first hypothetical posited an individual capable of performing the full range of light, unskilled work so long as that work did not require:

> more than sedentary lifting, i.e., no more than 10 pounds at a time and lifting and carrying only lighter articles;
>
> standing or walking more than 30-45 minutes at a time, nor more than 6 hours in an 8-hour workday (mostly standing);
>
> sitting more than 30-45 minutes at a time, nor more than 6 hours in an 8-hour workday;
>
> sitting, standing or walking more than 5-10 minutes at a time (the sit/stand option);
>
> stooping, bending or squatting; work on the floor (no kneeling, crawling, crouching, etc.);
>
> stair climbing (a few steps not precluded);
>
> work at more than a low stress level, which means:
> a low production rate,
> essentially no working with the general public,
> minimal supervision and minimal interaction with supervisors and co-workers,
> minimal work setting changes,
> work at more than a low concentration level, which precludes such tasks as mental computation, sustained spontaneous speaking, or sustained reading and writing, but still having average alertness and attentiveness; and,
>
> work at more that a low memory level, which means the ability to understand, remember, and carry out simply, one or two-step instructions, the option to use memory aids, and with only minimal changes in the work instructions from week to week.
>
> Also, the claimant can perform no work duties that involve walking on uneven surfaces.

(Id. at 6-7; see also id. at 641-43.)  The vocational expert identified three jobs existing in significant numbers in the national economy that the individual posited in the hypothetical could perform.  The ALJ relied upon that answer in denying Mr. Sundstrom's request for disability benefits.

The court concludes that the posed hypothetical sufficiently reflects the record evidence as received, considered, and weighed by the ALJ.  Both the second and the third hypothetical incorporated elements that the ALJ expressly discounted because of credibility concerns.  As a result, the court finds no error in the ALJ's decision to rely upon the vocational expert's answer to the first hypothetical in determining that Mr. Sundstrom is capable of performing jobs that exist in significant numbers in the national economy.

## Conclusion

The ALJ properly confined the analysis of the cumulative effects of Mr. Sundstrom's complaints to those complaints the ALJ deemed credible.  Although the ALJ did not expressly address all of the medical reports in the record, the ALJ's final assessment of Mr. Sundstrom's disability status was not inconsistent with the medical evidence and therefore the ALJ was not required to discuss that evidence.  Finally, the hypothetical upon which the ALJ relied when denying Mr. Sundstrom benefits sufficiently reflected the record evidence as weighed by the ALJ.  For all the foregoing reasons, the decision of the Commissioner denying Mr. Sundstrom's application for supplemental security income is AFFIRMED.

SO ORDERED this 11th day of April, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge